**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| IN RE: | ) | Case No.: BK 25-80366-BSK |
| | ) | |
| RICHARD N. BERKSHIRE, | ) | CHAPTER 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**TRUSTEE'S MOTION FOR ORDER COMPELLING DEBTOR TO TURNOVER POSSESSION OF CERTAIN REAL PROPERTY**

COMES NOW Lauren Goodman, the Chapter 11 Trustee of the estate of Richard N. Berkshire in the above-captioned case (the "Trustee") and hereby moves the Court for an order compelling the Debtor, Richard N. Berkshire ("Debtor"), to turn over possession of certain real property. In support of this Motion, the Trustee states:

1. On April 18, 2025, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code. (Docket No. 1).

2. On July 10, 2025, the Court entered an Order appointing the Trustee as Chapter 11 Trustee of the Debtor's estate. (Docket No. 74).

3. In Schedule A of the schedules he filed in this case, the Debtor listed as an asset certain real property located at 1751 S. 87th Street, Omaha, Nebraska 68124 (the "87th St. Property"). The Debtor values the 87th St. Property at $1,450,000.00. (Docket No. 12). The Douglas County Assessor has assessed the 2025 value of the 87th St. Property to be $861,200.00.

4. On July 28, 2025, the Court entered an Order compelling "Debtor to provide the trustee and her professionals access to any real estate owned by the

debtor for inspection and photographing within three business days written notice. The debtor must maintain all such real property and not commit waste." (Docket No. 107)

5. The Debtor's son, Andrew Berkshire, has access to and has been maintaining the 87th St. Property.

6. Upon information and belief, the Debtor and Debtor's son are no longer interested in assisting in the maintenance of the 87th St. Property.

7. Upon information and belief, other individuals have access to the 87th St. Property but are not maintaining the property.

8. Also in Schedule A, the Debtor lists real property located at 3143 Tocoa Circle, Kissimmee, Florida 34746 (the Florida Property"). The Debtor states that the Florida Property is worth $460,000.00, whereas the Osceola County Assessor states that the property is worth $310,500.

9. Upon information and belief, the Florida Property is being maintained by a property-management company.

**RELIEF REQUESTED**

10. By this Motion, the Trustee requests an order:

a. Compelling the Debtor to turn over possession of the 87th St. Property and the Florida Property, including the respective keys and access codes, to the Trustee within three business days of the Court's order; and

b. Granting the Trustee access to the 87th St. Property and the Florida Property, including the authority to change the respective locks and access codes.

**BASIS FOR RELIEF**

11. Pursuant to Bankruptcy Code § 1106, which incorporates § 704(a)(1), the Trustee has a duty to "collect and reduce to money the property of the estate for which the trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest."

12. The 87th St. Property and the Florida Property are valuable estate property that, under Code § 363, the Trustee may use, sell, or lease during this case for the benefit of the estate.

13. The Trustee plans to market the 87th St. Property and the Florida Property for sale through real-estate brokers.

14. Currently, however, the Trustee is not in possession of and does not have access to the 87th St. Property or the Florida Property. Rather, the Debtor and his son, Andrew Berkshire, have possession of the 87th Street Property, and a number of other individuals are believed to have access to it. In addition, the Debtor and his management company have possession of the Florida Property

15. Having possession of the 87th St. Property and the Florida Property is essential for the Trustee to administer this case, in order that she may maintain and prevent waste to the 87th St. Property and the Florida Property and market and sell the properties, using the proceeds for the benefit of the estate. The Trustee

has no way to carry out her statutory duty without obtaining possession of these properties.

16. The Debtor and his son are obligated to turn over possession of the 87th St. Property, and the Debtor is obligated to turn over possession of the Florida Property, to the Trustee under 11 U.S.C. § 542(a), which states: "Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." *See In re Bolden*, 327 B.R. 657 (Bankr.C.D.Cal. 2005) (compelling turnover of real property in order that the trustee may sell it for the estate's benefit).

**CONCLUSION**

WHEREFORE, the Trustee requests that the Court enter an Order granting the Requested Relief and for such other and further relief as the Court deems just and appropriate.

DATED this 17th day of September, 2025.

**LAUREN GOODMAN, Chapter 11 Trustee,**

By: /s/ Jay D. Koehn
Michael T. Eversden NE #21941
Jay D. Koehn NE #25784
McGrath North Mullin & Kratz, PC LLO
Suite 3700, First National Tower
1601 Dodge Street
Omaha, Nebraska 68102-1627
Telephone: 402-341-3070
Facsimile: (402) 341-0216
meversden@mgrathnorth.com
jkoehn@mcgrathnorth.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2025, I caused filing of the foregoing with the Clerk of the Bankruptcy Court using the CM/ECF system, which sent notification upon all CM/ECF participants.

*/s/ Jay D. Koehn*
Jay D. Koehn

## RULE 9013-1 NOTICE

**PLEASE TAKE NOTICE** that the last day to file and serve a resistance or objection to the foregoing Motion and Notice October 9, 2025. Any objection or resistance must be in writing and must specify the factual or legal basis therein. Said objection must be filed with the Court and served upon the undersigned on or before the date set forth above. If an objection or

resistance is properly filed and served, the Court will set the matter for hearing upon affidavit evidence. If no objection or resistance is timely filed and served, the Court will consider and decide the Motion and enter an order thereon without further notice or hearing.

_____/s *Jay D. Koehn*_____
Jay D. Koehn